39 P.(2d) 1025

## VILLAGE OF HOBBS v. MANN et al.
### No. 3590.

Supreme Court of New Mexico.

Jan. 8, 1935.

Hatch & Patton, of Clovis, and Tom W. Neal, of Lovington, for appellants.

J. M. Hervey, of Roswell, for appellee.

WATSON, Justice.

Plaintiff, claiming to be an organized village, sued to enjoin defendants from laying pipe lines and digging ditches in its streets. Defendants answered, denying plaintiff's corporate capacity, and claiming that they were thus occupying and disturbing the streets by authority of a franchise granted by the board of county commissioners.

After hearing on the merits, judgment was rendered embodying a finding that the defendants had "no franchise within the boundary of the Village of Hobbs," and making perpetual the restraining order theretofore issued. Defendants appealed.

We have no brief or argument for the appellee. However, the judgment is defended by counsel appearing with our permission as amicus curiae.

The first proposition urged by appellants is that the court erred in sustaining the demurrer to that part of their answer in which they denied appellee's corporate capacity. The court ruled in effect that appellee's corporate capacity could not be thus collaterally attacked. Cf. City of Albuquerque v. Water Supply Co., 24 N. M. 368, 174 P. 217, 5 A. L. R. 519.

Appellants attempt to distinguish the case at bar from that cited, claiming that they have here pleaded, not irregular or illegal incorporation proceedings, but a complete nonentity. Even if that distinction exists, and should vary the rule, we do not see how it can avail appellants. At the trial appellee was permitted, without objection, to introduce evidence sufficient to have warranted a holding that, pursuant to order of the board of county commissioners made June 3, 1929, Hobbs was at least a de facto municipal corporation.

This must be deemed a waiver by appellee of the benefit of the earlier ruling on the demurrer, and it must be deemed to have deprived appellants of the benefit of their exception.

The remaining points involve the attempted justification under franchise. .

It is contended that when this was brought into the answer as an affirmative defense, the remedy by injunction was no longer available to appellee, since the existence and validity of the franchise are to be tested by quo warranto. Be that as it may, as an abstract proposition, we find it unrelated to any error charged to the trial court.

▆▆ It is finally urged that the evidence is insufficient to support the judgment. This is a challenge of the finding that appellants had "no franchise within the boundaries of the village of Hobbs." The franchise is for "the limits of the townsite of New Hobbs * * * and the surrounding community within a radius of five miles * * *." The whole of Hobbs is within that radius. Saying that he would hold that the board of county commissioners did not intend to include the townsite of Hobbs, the court excluded the franchise from evidence.

What the county board intended is evidenced only by what it did. It might be difficult to sustain this reason assigned for the trial ruling. We consider that a matter of no consequence, unless appellants can show error in the court's general finding or conclusion that they had no franchise effective within the village of Hobbs.

It appears by documentary evidence that the franchise was granted June 3, 1929; that on the same day the board, following earlier proceedings, declared appellee "to be an incorporated village with the name of Hobbs," and directed the county clerk to give and post the necessary notices of time and place of holding an election for the statutory officers; that an election was held on July 8, 1929; that this suit was commenced September 24, 1929; and that the elected village officers had previously taken their oaths of office.

Appellants claim that the evidence shows Hobbs to have had some 400 inhabitants. Citing 1929 Comp. St. § 90-402, subsec. 67, they contend that municipalities of less than one thousand population are not authorized to grant such franchises as this. Therefore, they urge, the power must have resided in the county board under Id., § 32-403, as if Hobbs had been and were an unincorporated town. They overlook Id., § 90-402, subsec. 90 (since amended, Laws 1931, c. 87), which seems to confer the power on all towns and villages.

If it were to be assumed that, of the two acts of the county board performed on the same day, the granting of the franchise preceded the constituting of Hobbs as a village; or if assumed that the declaration of the board was not enough, and that Hobbs was not a corporate entity until after its election had been held and its officers had assumed their posts; still appellants cannot prevail on this record. The most they could claim would be a franchise issued by the board of county commissioners previous to the incorporation of the village, and which the latter

must recognize if the holder of the franchise had "erected or constructed or in good faith commenced the erection or construction of such works or system" as the franchise authorized or required. Id., § 90-402, subsec. 68. We find no evidence, certainly no finding made or tendered, to satisfy this condition to compulsory recognition by the village of a franchise previously granted by the county.

The judgment seems to be free from reversible error and should be affirmed. The cause will be remanded.

It is so ordered.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

ZINN, J., did not participate.