180 P.2d 244

SIERRA ELECTRIC COOPERATIVE, Inc. v. TOWN OF HOT SPRINGS.

No. 4933.

Supreme Court of New Mexico.
April 22, 1947.

Douglass K. FitzHugh, of Hot Springs, for appellant.

Nils T. Kjellstrom, of Hot Springs, for appellee.

SADLER, Justice.

The plaintiff below appears before us as appellant complaining of the action of the trial court in dismissing its complaint seeking permanently to enjoin the defendant, Town of Hot Springs, a municipal corporation, from the purchase and acquisition of electric transmission and distribution lines through and across territory outside the corporate boundaries of said municipal corporation. The plaintiff alleged itself to be a cooperative regularly organized on September 11, 1941, under the Rural Electric Cooperative Act with its principal office and place of business in Hillsboro, Sierra County, New Mexico. The complaint then went on to allege: "* * * that by virtue of the provisions of said Rural Electric Cooperative Act, plaintiff has now, and

since the date of the granting of its charter, aforesaid, has had, the right, privilege, authority and power to construct, maintain and operate electric transmission and distribution lines along, upon, under and across all public thoroughfares, including without limitation all roads, highways, streets, alleys and bridges and upon, under and across all publicly-owned lands throughout Sierra County, New Mexico; that the rights, privileges, franchises and authority aforesaid is necessary to said cooperative to enable it to serve and fulfill its pledges to members of said Cooperative, plaintiff herein, situate throughout said Sierra County; that plaintiff has pledges of service outstanding and existing throughout all parts of said Sierra County outside of the corporate limits of said municipal corporation, Town of Hot Springs, New Mexico, defendant herein, and has had such pledges during all the times and on all the dates hereinafter set forth;"

Then follow allegations that the defendant municipality was negotiating for the acquisition of certain electric transmission and distribution lines in territory outside its corporate limits in which area the plaintiff was alleged to hold previously acquired rights and franchises and that defendant planned to construct and maintain such lines in said territory in violation of. the privileges, franchises and pledges of the plaintiff in said territory.

An order to show cause was issued and served on the defendant to which the latter filed its return as well as a formal answer to the complaint of the plaintiff. Briefly, the defendant admitted that negotiations were under way for the purchase by it of the transmission and distribution system of New Mexico Public Service Company within the corporate limits and outside the present corporate boundaries of the Town of Hot Springs, but that it had not yet acquired said properties nor was there any certainty that it ever would. The answer also carried an objection that New Mexico Public Service Company was not made a party defendant, as the owner of the transmission lines involved and then set up the claim that defendant, Town of Hot Springs, was improperly and prematurely joined as a defendant, having no interest in such property at the time.

The issues being thus made up, the matter came on for hearing, whereupon the court entered an order reading as follows: "This cause coming on this day to be heard, and on the call of this cause for trial the Court asked the Attorney for the Plaintiff whether it had constructed its lines and was ready to give service to the customers of the New Mexico Public Service Company, who thereupon stated that the contract for the construction of the lines had not been let, but when constructed, the plaintiff expected to enter the field outside the corporate limits of Hot Springs and immediately adjacent to the boundaries thereof, and it being agreed the defendant had not completed.

the purchase of the light plant, and the Court being of the opinion that under such state of facts the action is prematurely brought, it is ordered that this cause be dismissed without prejudice to the bringing of another action in the event that the Town of Hot Springs completes the purchase of the electric plant and the plaintiff is in a position to supply the customers outside the Town of Hot Springs, to all of which the Plaintiff in open Court objects and excepts."

The plaintiff below then asked for and was granted an appeal to the Supreme Court from the judgment of dismissal so entered against it and the matter is before us on such appeal, the plaintiff as appellant asking a reversal of said judgment and a remand for further proceedings.

The plaintiff, apparently organized under the provisions of L.1939, c. 47, 1941 Comp., Chap. 48, Art. 4, §§ 48-401 to 48-432, known as the state "Rural Electric Cooperative Act", styles itself as a cooperative, having its domicile in Sierra County, New Mexico, with objects, purposes and powers as enumerated in the complaint hereinabove summarized. Its counsel argues that until the passage of L.1945, c. 132, the defendant municipality was without power to furnish electric light and power outside its territorial boundaries, citing Hyre v. Brown, 102 W.Va. 505, 135 S.E. 656, 49 A.L.R. 1230, and annotation of the subject beginning at page 1239; also Taylor v. Dimmitt, 336 Mo. 330, 78 S.W.2d 841, 98 A.L.R.

995, and annotation commencing at page 1001. He then reminds us that L.1945, c. 132, authorizing municipalities under certain conditions to furnish electricity and natural gas as a public utility to persons or properties located within a radius of five miles of the territorial limits of such municipality, did not carry the emergency clause. Hence, not becoming effective until about the middle of July, 1945, counsel states it could have no bearing on the rights asserted in plaintiff's complaint which was filed on June 4, 1945. Furthermore, sections 11 and 12 of the 1945 act are pointed to as expressly excepting from its provisions territory outside its corporate limits in which rights have been granted to an electric cooperative under the provisions of subsection (k) of section 3, Chapter 47, Laws of 1939, and denying application of the act where pledges had been made to any contemplated R. E. A. project.

All that counsel for plaintiff states may be conceded and still he fails to establish error in the trial court's action denying plaintiff the right to proceed further at the time and in dismissing its complaint without prejudice to a later filing of same. This is especially so in view of counsel's admission in open court that it had no present plant or transmission lines, that the contract for their construction had not even been let and that no agreement for the purchase by defendant of the plant and lines of New Mexico Public Service Company had as yet been entered into. Cer-

tainly, under such conditions, the plaintiff could make no showing of that irreparable damage so essential to support a right to injunctive relief. La Mesa Community Ditch v. Appelzoeller, 19 N.M. 75, 140 P. 1051. Even admitting that the defendant's action in engaging in the public utility business of furnishing electricity for light and power outside its territorial limits prior to the effective date of L.1945, c. 132, would be ultra vires, and as for that matter after its effective date, in areas beyond such limits where the plaintiff had prior rights, nevertheless, this could not properly concern such plaintiff—certainly, does not entitle it to injunctive relief—unless it can show damage. How can it do so if itself unable to give the service which it claims the defendant threatens unlawfully to furnish? The mere fact that the Town would be engaging in an ultra vires act, if it would, does not alone entitle the plaintiff to complain. Cf. Asplund v. Hannett, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573 and Shipley v. Smith, 45 N.M. 23, 107 P.2d 1050, 131 A.L.R. 1225.

We think there was no error in the trial court's action in dismissing the plaintiff's complaint as premature. There will be time enough for it to complain when it can show hurt. The judgment should be affirmed and it is so ordered.

BRICE, C. J., and LUJAN and COMPTON, JJ., concur.

McGHEE, J., having tried the case below, did not participate.