383 P.2d 826

**LA ACEQUIA de SAN RAFAEL del GUIQUE, otherwise known as the San Rafael del Guique Community Ditch, Plaintiff-Appellant,**

**v.**

**Ernesto LOPEZ, Defendant-Appellee.**

**No. 7237.**

Supreme Court of New Mexico.

July 15, 1963.

Charles B. Barker, Santa Fe, for appellant.

No appearance in Supreme Court by appellee.

COMPTON, Chief Justice.

This is an appeal from an order dismissing appellant's complaint. The cause arose in the Justice of the Peace Court of Rio Arriba County wherein the appellant recovered judgment in amount of $199.12 allegedly due it by appellee for fatigue work, assessment for repairs, and maintenance of a community ditch in which the appellee owns a water right.

Upon appeal, the district court dismissed the complaint on the ground there existed no legal basis for the suit, and this appeal followed.

The facts are not in dispute. The appellee is one of the owners of water rights in the community ditch, and is the owner of lands irrigable from the same. During the years 1957, 1958 and 1959, the commissioners of the community ditch, in the performance of the duty imposed upon them by statute, made certain assessments against the appellee for salary of mayordomo, for fatigue work assessed and not performed by appellee, and for the repair and maintenance of the ditch in order to keep it in condition for supplying water to the several owners of water in the ditch and the owners of land irrigated therefrom. The total assessments against appellee during the three years for the purposes stated, amounted to $299.12 upon which the appellee paid the sum of $100.00.

The controlling question is whether paragraph 11, session laws 1897, as amended by § 1, Ch. 44, session laws 1903, and § 5, Ch. 1, session laws 1895, being §§ 75–14–21 and 24 respectively, 1953 Comp., afford the appellant a remedy by direct action for the

recovery of such delinquent assessments. The pertinent provisions of the statutes read:

Section 75–14–21:

"The commissioners shall assess fatigue work or tasks of all parties owning water rights in said community ditches or acequias, and shall have power to contract and be contracted with and also to make all necessary assessments to provide funds for the payment of the salary of the mayor-domo and other legitimate expenses incident to the proper conduct and maintenance of the acequias under their charge. * * *"

Section 75–14–24:

"No person who has, after due notice, failed or refused to do his work, or pay the amount assessed against him in lieu of said work upon said acequia or ditch, shall be allowed to take or use any water from the same or any contra acequia or lateral thereof, whilst default in such payment or failure to do such work continues."

We think this court definitely answered the question in La Mesa Community Ditch v. Appelzoeller, 19 N.M. 75, 140 P. 1051. The court there said:

"No remedy is provided for the collection by the officers of the community acequia, of the assessments so levied, except the deprivation of the delinquent party of the right to the use of the water until payment is made, and the community officers are necessarily confined to the remedy given. This would appear to be adequate and complete remedy, for the member of the community must have water for the irrigation of his lands. *. * *"

But appellant argues that the statement is mere dicta. We think not, but be that as it may; the statement is both logical and correct.

The judgment should be affirmed, and it is so ordered.

CHAVEZ and NOBLE, JJ., concur.