[L. A. No. 4012.   In Bank.—June 6, 1917.]

## CITY OF BEVERLY HILLS (a Municipal Corporation), Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), et al., Respondents.

Municipal Corporations—City of Los Angeles—Water Pipe-line—Legislative Grant Through Unincorporated Territory.—The city of Los Angeles, prior to the incorporation of the city of Beverly Hills, had acquired the right to construct a water pipe-line along and across public roads subsequently included in the corporate limits of Beverly Hills, by accepting the grant made by the state to municipal corporations by the act of April 11, 1911 (Stats. 1911, p. 852), of the right to construct water pipe and other lines along and across public roads situated in unincorporated territory.

Id.—Acceptance of Grant—Location of General Route—Prosecution of Work—Grant of Use by Supervisors.—Such acceptance was manifested by the survey and location of the general route for such pipe-line, the nature and extent of the work done in the construction thereof, coupled with the fact that the board of supervisors of Los Angeles County, at the request of the city of Los Angeles, had adopted an ordinance granting it the use of such highways for the purpose of constructing the pipe-line through and across the same.

Id.—Acceptance of Grant Created Contract—Extent of Right Granted.—The grant resulting from the acceptance by the city of Los Angeles of the state's offer constituted a contract, the property right in which is protected by the federal Constitution, and the extent of which right is measured by the purpose for which the grant was made and accepted.

Id.—City of Beverly Hills Bound by Grant.—The city of Beverly Hills, upon its incorporation, became bound by such grant, and could not revoke it; and the power to control its highways, by general laws given its board of trustees, must be deemed to have vested subject to the right of the city of Los Angeles acquired by the legislative grant.

APPEAL from a judgment of the Superior Court of Los Angeles County, from an order dissolving a restraining order, and from an order denying an injunction *pendente lite.* Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Emmet H. Wilson, for Appellant.

Albert Lee Stephens, City Attorney, William B. Himrod, Deputy City Attorney, and W. B. Mathews, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—In this action plaintiff sought a decree perpetually enjoining the city of Los Angeles from laying, constructing, and maintaining a pipe-line over, through, across, and under certain streets of the city of Beverly Hills for the purpose of conveying water from the source of supply thereof to the city of Los Angeles.

The result of the trial was a judgment in favor of defendants and denying plaintiff's right to an injunction, from which, and an order dissolving a restraining order made upon filing the complaint, and an order denying an injunction *pendente lite,* plaintiff has appealed.

The facts, as to which there seem to be no just ground for dispute, are that for some six or seven years prior to the filing of the complaint the city of Los Angeles had been engaged in the construction of the Los Angeles aqueduct, extending from a point in the Owens River, in Inyo County, to a point in San Fernando Valley, in Los Angeles County, about twenty-one miles northwesterly from the city of Los Angeles, where defendants had, for the purpose of receiving and impounding water so conducted from Owens River through said aqueduct, constructed reservoirs.

Beverly Hills, located in Los Angeles County, was under and by virtue of the general laws incorporated as a city of the sixth class on January 26, 1914, prior to which time it was unincorporated territory. By an act of the legislature, approved April 10, 1911 (Stats. 1911, p. 852) it was provided: "That there is granted to every municipal corporation of the state of California, the right to construct, operate and maintain water and gas pipes, mains or conduits, electric light and electric power lines, and telephone and telegraph lines, along or upon any road, street, alley, avenue or highway, or across any railway, canal, ditch or flume which the route of such works intersects, crosses or runs along, in such manner as to afford security for life and property; but the municipality shall restore the road, street, alley, avenue, highway, canal, ditch or flume thus intersected to its former state of usefulness, as near as may be; *provided, however,* that such mu-

nicipality may not use any street, alley, avenue or highway within any city and county or incorporated city or town, for such purpose, unless the right so to use the same is granted by a two-thirds vote of the governing body of such city and county, or incorporated city or town." Prior to the incorporation of the city of Beverly Hills, and while said act of the legislature was in full force and effect, defendants, as found by the court, designed, projected, and located a route from said reservoirs over and along which to construct a pipe-line to conduct the water therefrom to the city of Los Angeles, which route of said pipe-line was surveyed, projected, and located across San Fernando Valley to Franklin Canyon, thence through the unincorporated territory of Beverly Hills, and in part over and across the public highways therein to the city of Los Angeles, the construction of which pipe-line contemplated an expenditure of one million five hundred thousand dollars, two-thirds of which sum had, prior to January 26, 1914, been expended, and a large part of the material required for use in installing the pipe-line from Franklin Canyon to the city of Los Angeles purchased, some of which had been delivered along said route prior to the incorporation of Beverly Hills. It was also made to appear that the only practical and feasible route for such pipe-line between Franklin Canyon and the city of Los Angeles was through Beverly Hills.

Appellant concedes that the city of Los Angeles might have acquired the right to the use of the highways by acceptance of the legislative grant, but insists that such acceptance could be manifested only by the actual use of the highway prior to the incorporation, which use thereof, to the extent occupied, must be deemed the measure of said defendant's right thereto. The legislative grant is in terms general and applies to every municipality in the state, but it contains no provision for the formal acceptance thereof by a corporation desiring to avail itself of the proffered grant of such right. Hence, in the absence of such requirement, the question as to whether a municipality asserting such right to use the public highway for the purpose named has in fact accepted the offer must be determined from the action taken with a view of acquiring the same.

The intention of the city of Los Angeles to construct the pipe-line from Franklin Canyon through the territory known

as Beverly Hills and over the public highways of which it had, prior to the incorporation of plaintiff, surveyed and located the route for the said pipe-line, was clearly indicated by the extent and nature of the work prosecuted by defendants with the purpose of conducting water to the city, in which undertaking the city of Los Angeles had, in reliance upon the grant so made by the state, irrevocably committed itself by the expenditure of hundreds of thousands of dollars in the prosecution of the work of installing the same.    Moreover, the record discloses that on January 6, 1914, prior to the incorporation of Beverly Hills, the board of supervisors of Los Angeles County, assuming authority so to do, and *at the request of defendants,* adopted an ordinance whereby it, in express terms, granted to the city of Los Angeles the use of the highways in question for the *purpose of constructing the pipe-line through and across the same.*    That the offered grant so made by the state was accepted by said defendant prior to the incorporation of the city of Beverly Hills, in our opinion, admits of no doubt.    (*City R. Co.* v. *Citizens' St. R. R. Co.,* 166 U. S. 557, [41 L. Ed. 1114, 17 Sup. Ct. Rep. 653]; *Russell* v. *Sebastian,* 233 U. S. 195, [Ann. Cas. 1914C, 1282, 58 L. Ed. 912, 34 Sup. Ct. Rep. 517]; *Grand Trunk Western R. Co.* v. *South Bend,* 227 U. S. 544, [44 L. R. A. (N. S.) 405, 57 L. Ed. 633, 33 Sup. Ct. Rep. 303].)

The grant resulting from defendant's acceptance of the state's offer constituted a contract, the property right in which is protected by the federal Constitution (*Russell* v. *Sebastian, supra,* and the cases therein cited), and the extent of which right is measured by the purpose for which the grant was made and accepted.    This, as we have seen, was for the construction of a pipe-line as an entirety from Franklin Canyon to the city of Los Angeles and, in so far as the construction thereof contemplated the use of the intervening highways between said termini, the right to use the same attached and became effective as completely as though the pipe had been actually laid.    Assuming, in the absence of the accepted legislative grant, that defendant had obtained from the city of Beverly Hills the right to use its streets for a pipe-line, clearly it could not, after a part of such line had been installed, revoke the grant or add thereto new conditions and restrictions the effect of which might nullify and render the grant made wholly inoperative.    (Dillon's Municipal Cor-

porations, 5th ed., sec. 1242.)    And yet that is the effect of appellant's contention.    No doubt exists as to the power of the state to make the grant, which, when accepted as we have seen, constituted an inviolable contract the extent of which is measured by the purpose for which it was intended, and in the exercise of which right defendant was limited alone by the language used in the grant.    And since the state itself could not change or revoke it, the city of Beverly Hills, to which, upon its incorporation as a city of the sixth class, the management of the highways therein was given (Stats. 1915, p. 828, sec. 862, subd. 4; General Laws, Act 2348), is equally and likewise bound.

The power to control such highways, by general laws as to such cities given their boards of trustees, must as to appellant be deemed to have vested subject to the right of defendant, acquired by the legislative grant approved April 10, 1911, to use the highways in question over, across, in, and along which to construct and maintain its pipe-line for the purpose specified in the grant.    This view renders it unnecessary to discuss other grounds upon which respondent bases its claim to the use of the highways.

The judgment and orders appealed from are affirmed.

Sloss, J., Shaw, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.