175 So. 294

## CITY OF PRICHARD v. ALABAMA POWER CO.

1 Div. 964.

Supreme Court of Alabama.

June 14, 1937.

Inge & Stallworth, of Mobile, and Martin Turner & McWhorter and Bolling R. Powell, Jr., all of Birmingham, for appellee.

George A. Sossaman, of Mobile, for appellant.

BROWN, Justice.

The appeal is from an interlocutory decree sustaining the defendant's demurrer to the amended bill.

The bill, filed by the appellant, seeks a mandatory injunction compelling the appellee to remove its poles and wires from the public streets within the corporate limits of the municipality, on the ground that they are a public nuisance.

The bill alleges that the complainant was incorporated August 12, 1925; that prior thereto the streets designated by name in the amended bill had been laid out, opened up, and dedicated to the public as public "streets and roads" in Mobile county, Ala., that after such dedication and before complainant was incorporated, the defendant "without the consent of the Board of Revenue and Road Commissioners of Mobile County," erected poles and wires upon and over said streets for the purpose of conducting an electric power business and furnishing such power to consumers for value, and has continuously since that time maintained said poles and wires upon said streets operating an electric power business thereon, delivering large quantities of electricity of voltage dangerous to life, for the purpose of supplying consumers of electricity with such electric current.

After the erection of said poles and wires, the complainant became incorporated as a municipal corporation "and acquired as a part of said city the streets hereinabove named and accepted them as public streets of said city." That the authorities of said municipality have not given consent that the defendant could erect or maintain said poles and wires on said streets, or use said streets for the conduct of said business as required by section 220 of the Constitution of 1901.

"That said poles and wires constitute a permanent obstruction of said streets and constitute a public nuisance thereon, and that the continuance of said obstructions upon said streets will work irreparable injury to the complainant in that it will prevent the free and unobstructed use of said streets of the City of Prichard by the citizens thereof and the public generally who are entitled to use same for the purpose of traversing same."

The demurrer takes the points that the bill is without equity; that the defendant was authorized by the statute, Code 1907, § 3631 (Code 1923, § 7197), to erect and maintain its poles and wires along said public highways, subject to the regulation of the court of county commissioners or board of revenue of the county, and that the averments of the bill, last above quoted, are mere conclusions of the pleader.

Municipalities are authorized by statute to "maintain a bill in equity in the name of the city to abate or enjoin any public nuisance injurious to the health,

342

morals, comfort or welfare of the community, or any portion thereof." Code 1923, § 9298; Lonoke v. Chicago, R. I. & P. Ry. Co., 92 Ark. 546, 123 S.W. 395, 135 Am. St.Rep. 200.

There is an absence of allegation that the maintenance of said poles and wires interferes with or obstructs the ordinary and usual travel on said streets.

The first contention of appellant is that defendant's poles and wires were placed along said streets or highways without authority from the county board of revenue and roads prior to the incorporation of the people and territory as a municipality, and therefore the only rights defendant has or had is the right of a "squatter" which, by force of the provision of section 220 of the Constitution, was superseded and destroyed when complainant was incorporated and said roads and streets were brought within its jurisdiction, supervision, and control.

The statute then and now in force, section 3631 of the Code of 1907, Code 1923, § 7197, provides:

"Such corporations shall have the right and authority to erect and operate tower, pole and wire lines across, along, and on public roads, subject to the regulation' of the court of county commissioners or board of revenue of the counties in which said roads are located."

 In Crawford v. Alabama Power Co., 221 Ala. 236, 128 So. 454, 456, it was observed that "In the erection, therefore, of the transmission line on the public road defendant was in the exercise of a legal right in a proper manner, and for a public purpose, as disclosed by the admitted facts." See Hobbs v. Long Distance Telephone & Telegraph Co., 147 Ala. 393, 41 So. 1003, 7 L.R.A.(N.S.) 87, 11 Ann.Cas. 461.

The right and authority to erect and maintain such transmission line along public highways was not made to depend upon the discretion or consent of the court of county commissioners or like bodies. The only authority conferred on such public bodies was to so regulate such use as that the right of the public to use such roads would not be unreasonably or unnecessarily interfered with.

 The "right and authority" conferred by the statute was a matter within the plenary power of the Legislature; in the absence of constitutional restrictions, and

when accepted and exercised was not subject to revocation or recall by any power other than the Legislature. Whether or not such acceptance and exercise constitutes or partakes of the nature of a contract that may not be impaired by future legislation is not a question in this case. Perry v. N. O., M. & C. R. R. Co., 55 Ala. 413, 418, 28 Am.Rep. 740; Albes v. Southern Ry. Co. et al., 164 Ala. 356, 51 So. 327, 328.

 It is well settled that "that which the law authorizes cannot be a nuisance." Albes v. Southern Ry. Co. et al., supra; Northern Transportation Company v. Chicago, 99 U.S. 635, 640, 641, 25 L.Ed. 636; Southern Ry. Co. v. Ables, 153 Ala. 523, 45 So. 234.

 The provisions of section 220 of the Constitution were not applicable to the streets and roads in question at the time said transmission lines were constructed, and defendant's rights to maintain its lines was not superseded by the subsequent incorporation of the complainant city. Arkansas Power & Light Co. v. West Memphis Power & Water Co., 187 Ark. 41, 58 S.W.(2d) 206. It, the city, however, succeeded to the right of the county board to regulate such use of said streets consistent with other public uses. Town of New Decatur v. American Telephone & Telegraph Co. 176 Ala. 492, 58 So. 613, Ann. Cas.1915A, 875.

The decree of the circuit court is consistent with the stated principles of law, and is due to be affirmed.

It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.