**200 P.2d 713**

## VILLAGE OF RUIDOSO v. RUIDOSO TELEPHONE CO.

### No. 5129.

Supreme Court of New Mexico.

Dec. 6, 1948.

Frazier, Quantius & Cusack, of Roswell, for appellant.

Dudley Cornell, of Albuquerque, for appellee.

PER CURIAM.

Upon a consideration of the motion for rehearing the former opinion is withdrawn and the following is substituted therefor:

McGHEE, Justice.

The Village of Ruidoso filed its complaint seeking to enjoin the defendant telephone company from operating a telephone system within its boundaries under a franchise granted by the Board of County Commissioners on May 3, 1926, under the provisions of Section 72-103, 1941 Comp., on the ground that it had not procured a franchise from the village following its incorporation.

The defendant filed a motion to dismiss on the ground that the franchise granted by the Board of County Commissioners was a valid, existing and continuing right to use the streets and alleys for the purpose contained in the franchise, and that no further authority was required from the plaintiff. The motion was sustained and this appeal followed.

The complaint does not state the length of time that the defendant company had been operating its telephone system in Ruidoso prior to the incorporation of the village, but from the briefs and statements in the oral arguments it is clear that the system had been in operation for a number of years prior thereto.

The substance of the claims of the plaintiff in its brief and at the oral argument was that the defendant had a mere permit, revocable at will by the municipality following its incorporation, while the defendant claimed it had a perpetual franchise.

We upheld the defendant's contention, based upon the statutes claimed applicable and the authorities cited in the annotation in 71 A.L.R. 121.

In its brief in chief the plaintiff contended that Sec. 14-1848, 1941 Compilation, had no application to the case at bar and that it could in effect kick the defendant out of town. Having failed in this endeavor it has in its motion for a rehearing backed away from its "whole hog or none" attitude, and would now be willing to take a smaller portion. It now urges that such section is applicable and that it is the duty of the telephone company to accept a franchise from it for the statutory period upon terms that are fair, just and equitable to all parties. The section reads as follows:

"14-1848. *Water, gas, and electric works —Construction by municipality—Submission to vote—Construction commenced before incorporation.*—All cities and towns shall have power to construct, or to contract for the construction of, water-works, gas works or electric light works which are to be owned and/or operated by such city or town; but no such works shall be erected or authorized until a majority of the voters of the municipality, voting on the question at a general or special election, by vote shall approve the same. If such question be submitted at a special election, the same shall be called, held, conducted, returned and canvassed in the manner provided for the elec-

tion of city or town officials. *Provided, that whenever or wherever, previous to the incorporation of any city, town or village in this state, the board of county commissioners of the county in which any such city, town or village shall be located shall have granted to any person, firm or corporation right of way over, upon, in and about the streets, alleys and highways of any such city, town or village for the erection, construction, maintenance or operation of water-works, gas works, electric light works or power systems, and such person, firm or corporation shall have erected or constructed or in good faith commenced the erection or construction of such works or system, no election shall be necessary in order to confer authority upon any such city council, or board of trustees, to authorize the completion of any such works or system and the continued or subsequent operation and maintenance thereof, but the city council or board of trustees of any such city, town or village shall recognize the rights so therefore (theretofore) acquired by any such person, firm or corporation and shall grant any such person, firm or corporation a franchise for the maximum term of years authorized by law, upon such terms as are fair, just and equitable to all parties concerned, and pending the granting of any such franchise, no such person, firm or corporation shall be interfered with in the free exercise and enjoyment of its rights acquired under and by virtue of the right of way theretofore granted as aforesaid by the board of county commissioners of any such county."*

The italicized portion of the present section was added by Chapter 81 of the Laws of 1909, and amended subsection 68 of Section 2402, C.L.1897, relative to the powers of the city council of cities and boards of trustees of incorporated towns and villages.

It was held that telephone companies were included in the corporations named in Secs. 72-101 and 72-103 by the Circuit Court of Appeals of the Tenth Circuit in City of Roswell v. Mountain States Telephone & Telegraph Co., 78 F.2d 379, and the sound reasoning of the opinion in that case convinces us that telephone companies are included in the language of Sec. 14-1848, supra, and we so hold.

We hold that the grant of the Board of County Commissioners to the defendant company is sufficient authority for occupying the streets of the plaintiff and doing business in the village until such time as the plaintiff has tendered to it a franchise meeting the requirements of Sec. 14-1848, supra, and a reasonable time has elapsed for its consideration. If at the expiration of such time the defendant has not accepted the proffered franchise then the plaintiff may institute a new action, and it will then be the duty of the trial court to determine whether such offered franchise meets the terms of the statute.

As the complaint in this case did not allege the tender of a franchise meeting the requirements of the statute, the decision of the trial court on the motion to dismiss was correct.

If this was a suit between private individuals we would not permit such a change of position as has occurred in this case, but in view of the interest of the public the former opinion is withdrawn and what we believe to be a correct statement of the law is set out above.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.