244 P.2d 1112

**MOUNTAIN STATES TEL. & TEL. CO. v. TOWN OF BELEN.**

**No. 5442.**

Supreme Court of New Mexico.

May 26, 1952.

Rehearing Denied June 20, 1952.

Iden and Johnson, Albuquerque, Akolt, Campbell, Turnquist & Shepherd, Denver, Colo., for appellant.

Tibo J. Chavez, Denis Cowper, Belen, for appellee.

COORS, Justice.

This is an appeal from the judgment of the District Court of Valencia County in a cause filed by the Town of Belen, New Mexico, a municipal corporation, plaintiff and appellee, against The Mountain States Telephone and Telegraph Company, a corporation, defendant and appellant. The Town of Belen sought to force and require the telephone company to accept a franchise granted by the Town of Belen by Ordinance No. 257 on February 14, 1949 to operate within the corporate limits of the Town of Belen and to use the streets, alleys and public ways for constructing and maintaining its poles, wires and equipment. The franchise so offered by the town was alleged to have been rejected by the telephone company. The ordinance offering and granting the franchise provided that the telephone company, in consideration of the granting of such franchise, should pay annually into the treasury of the town two per cent (2%) of its gross receipts from telephone service in the town or directly connected with its exchange service in said town, and contained various other provisions, among them the granting to the town by the company permission to use free of charge the poles of the company for the attaching and running of the town's low tension police and fire alarm wires. The offered franchise was to run for a period of 15 years but later was extended for a period of 25 years. The town prayed that the defendant telephone company be restrained from operating within the corporate limits of the town unless and until it obtained from the town permission or franchise as offered and for such other relief as might be just and proper.

The defendant telephone company filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. This motion was denied and the defendant company filed its answer, in which it admitted that it refused to accept the franchise offered by the town by Ordinance No. 257 adopted on February 14, 1949 and alleged that it was not operating within the corporate limits

of the Town of Belen by virtue of any franchise or permit from such town but under the authority of a franchise granted by the County Commissioners of Valencia County in the year 1905, long prior to the incorporation in 1918 of the Town of Belen, and alleged that since the granting of the franchise of 1905 by the County Commissioners for a period of 99 years the defendant telephone company and its predecessor and assignor had been operating the telephone system in the territorial limits now constituting the Town of Belen and that it has since the granting of the franchise of 1905 built, extended and maintained its lines and equipment along the roads, streets and alleys in the Town of Belen; that if the defendant were required and forced to accept the city franchise offered and forced to abandon its rights acquired under the county franchise of 1905 it would be deprived of its property without due process of law, contrary to the provisions of Article 2, Section 18 of the Constitution of New Mexico and Amendment 14 of the Articles of Amendment to the Constitution of the United States, that it would be denied equal protection under the laws contrary to the provisions of Amendment 14 of the Articles of Amendment to the Constitution of the United States and that such action would impair the obligation of contract contrary to Article 1, Section 10 of the Constitution of the United States, and

the defendant telephone company prayed for a dismissal of the complaint.

The court having tried the case, made findings of fact and conclusions of law and rendered final judgment ordering that the defendant telephone company was required to secure a proper franchise from the Town of Belen in order to continue its telephone operations within the town and that the franchise offered by the town by Ordinance No. 257 passed February 14, 1949 meets the terms of the New Mexico statutes as being fair, just and equitable; it further ordered the defendant telephone company be restrained from operating within the corporate limits of the town unless and until it obtains from the town a franchise to operate therein and, further, that if the defendant telephone company continues to operate within the town without obtaining a franchise from the town it will be deemed to have accepted the said franchise provided by said Ordinance No. 257 and that the said franchise and all its terms will be in full force and effect, but ordered that the injunction enjoining the operation under the judgment would not become operative until such time as the decree becomes final, on appeal or otherwise.

The defendant telephone company made objection and took exception to most of the findings and conclusions of the trial court which favored the plaintiff Town of Belen and made numerous assignments of

error, all of which are not necessary to repeat or discuss at this time. The brief of the defendant and appellant telephone company relies upon four points projected as a basis for its appeal. The first point made by defendant company, which we believe is the only one necessary for discussion and disposition of the appeal, is as follows:

"The ordinance and the judgment of the trial court violate the Constitution of the United States in that it would impair the obligation of a contract entered into in 1905 between the appellant telephone company and Valencia County, contrary to the provisions of Article I, Section 10 of the United States Constitution."

The important fundamental issue in the case is whether or not the franchise granted by the County Commissioners of Valencia County in the year 1905 to Colorado Telephone and Telegraph Company for a period of 99 years to "construct, maintain and operate its telephone poles, telephone lines and system over, across, along, and upon the roads and highways of the County of Valencia, in the Territory of New Mexico" was a valid contract and covered the right by the telephone company to use the roads and highways and operate its system in that portion of the territory included in Valencia County which was not within the limits of any incorporated city, town or village but which might later, by legal steps taken by the inhabitants of some particular community or section of the county, become a municipal corporation, that is, an incorporated city, town or village. In 1905, at the time of the granting of the franchise by the county commissioners, the community of Belen was not incorporated as a municipal corporation. It became a municipal corporation in the year 1918, at which time the telephone company was already operating its telephone system in the community of Belen and in the territory taken in by the creation of the municipal corporation of the Town of Belen. The company has continued to operate since 1918 without any charter or permit from the Town of Belen, claiming its rights under the county charter of 1905. By the passage of Ordinance No. 257 on February 14, 1949, the municipal corporation Town of Belen sought to deny the authority of defendant telephone company to operate within the city limits and to use its streets, roads and public ways for telephone poles or lines under the county charter of 1905 and contended that such operation was unlawful unless permitted by a franchise granted by the Town of Belen.

It is necessary in considering this question to examine the laws of the State of New Mexico which existed in 1905, and even since then, relating to the granting of franchises and the powers delegated by the legislature of the State of New Mexico to

counties and to municipal corporations, such as cities, towns and villages, to grant franchises and the limits or extents of such delegated powers. While we find no statute in existence in 1905 expressly and specifically delegating any power to counties to grant franchises to public utilities, this court in 1900 in the case of Agua Pura Co. v. Mayor and Board of Aldermen of City of Las Vegas, 10 N.M. 6, 60 P. 208, 213, 50 L.R.A. 224, held that counties through the board of county commissioners had the power to contract with a public utility company to build, operate and maintain a water works in the County of San Miguel and particularly in the community or unincorporated town of Las Vegas and all suburbs thereof and to use the streets, public roads and highways for the laying of its pipes, equipment, etc. The contract made by the county commissioners with the Agua Pura Company was, of course, in the nature of a franchise. It was made in 1880 at which time there was no incorporated city, town or village within the entire County of San Miguel. This court at that time said:

"It is undoubtedly true, as counsel for appellants insist, that municipal corporations, such as counties and cities, are limited in their powers to those which are granted expressly or by necessary implication. The power to act must be derived from the law conferring it. We must therefore look to the statutes of the territory to ascertain what were the powers of counties at the time this contract was made. By the act of 1876, c. 1, the organized counties in the territory of New Mexico were made bodies corporate and politic, and their powers vested in boards of county commissioners, who were empowered 'to represent the county and have the care of the county property, and the management of the interests of the county, in all cases where no other provision is made by law.' Comp.Laws 1897, § 664, par. 5. Among the powers given to the counties as bodies corporate and politic, were 'to make all contracts and do all other acts in reference to the property and concerns necessary to the exercise of its corporate or administrative powers.' Id. § 651, par. 4. These clauses seem to mean something more than the ordinary powers appertaining to counties. They confer express authority to do the acts in the interest of the county, and to make contracts in reference to the concerns necessary to the exercise of this authority, when not otherwise provided by law. * * * It is clear that the powers of the counties, by the foregoing act, are recognized as being not only 'corporate,' but 'administrative.' There was a reason for this. At the date of the passage of these sections, and up to as late as 1884, there was in New Mexico no general law for the incorporation

of cities or towns, in which powers of local administration are usually vested. Prior to 1884, all cities were incorporated under special acts of the legislature, and in 1876 there were only three of these in the territory. Las Vegas was not one of these, either then or in 1880. Hence, in order that communities should not be without municipal government of some kind, these administrative powers were conferred upon the county boards in such express and general terms as to leave their exercise to the discretion of the boards of commissioners in the management of the interest of the county, and the concerns necessary to the exercise of these powers. We think it beyond question that the providing of an adequate supply of water for municipal and domestic purposes in one of the communities of the county was a matter pertaining to the interest of the county, and was a legitimate county purpose. * * * We think, therefore, that such a contract as the one in question was within the power of the board of county commissioners at the time it was made."

It is thus seen that this court, speaking through Justice Parker, in the above quoted statements was of the opinion that the board of county commissioners had power to grant franchises. It is a little difficult to determine whether the court meant that the rather broad, vague sections of the statute quoted in its opinion were express authority or that they were so broad as to give such powers to grant a franchise by necessary implication. The court, however, was not entirely sure of its ground for immediately following it suggests that there might be some doubt as to the power of the county commissioners but that such doubt is removed by other legislation mentioned. This is what the court said:

"We do not undertake to review and discuss the authorities cited by counsel for appellants in opposition to the power of the county commissioners, for the reasons that if there should be any doubt as to the validity of the contract as originally made by reason of defective power in the county commissioners, all such doubt would be removed by subsequent legislation on the subject. By an act of the legislature of New Mexico approved February 23, 1893, it was provided as follows: 'Section 1. Be it enacted that section 1865 of title XXXIII, chapter II, of the Laws of New Mexico, 1884, be amended by adding thereto the following words: And no action or suit shall be brought to call in question any privilege or franchise granted by any municipal corporation unless the same shall be brought within six years after the same shall have been granted or claimed to have been granted, and any such privilege or franchise hereto-

fore granted by any municipal corporation, after six years from the date of the granting of the same, or within six years after the same shall have been claimed to have been granted, shall be deemed valid in all respects: provided, however, that suits may be brought to vacate or annul any such privilege or franchise within six months after the passage of this act.' The effect of this act was twofold: It was, first, a limitation upon actions to call in question any privilege and franchise granted by any municipal corporation; and, secondly, it made absolutely valid all privileges or franchises of this nature after six years from the date of the granting of the same, unless suit was brought to vacate or annul the same within six months after the passage of the act. It appears by the record that, at the time when the action of the city council was taken, the Agua Pura Company had been operating under the contract in question for 16 years, and during that time had been continuously supplying water to the county and to the town and city of Las Vegas under several contracts, and to the inhabitants thereof. No action had been taken in the meantime to annul or call in question the said contract, nor was any suit for that purpose brought within six months after the passage of the act above quoted. The contract is, therefore, by express terms of the foregoing act, now valid in all respects, and it cannot now be called in question by answer, cross-bill, or otherwise. This being the case, it necessarily follows that the city council has no power, under the act of 1897, to regulate rates so as to affect or interfere with the rights of the Agua Pura Company under the contract of December 20, 1880, and that the attempt of the city council to do so, as complained of in this case, is such an interference with those rights as entitled plaintiff to relief by injunction."

The court in its opinion construing this statute of limitations apparently did not consider or discuss what the legislature may have meant in such statute by the words "franchise granted by any municipal corporation". It simply assumed, as is shown by the first part of the above quotation, that the term "municipal corporation" includes counties as well as cities and therefore concludes that this statute of limitations applied in the case in favor of the Agua Pura Company and prevented any attack upon the franchise in court and that such statute validated the contract or franchise made by the county commissioners. Of course, this construction of the statute and the conclusion reached by the court in the Agua Pura Company case were entirely incorrect if the legislature in said statute of 1893 quoted above used the term "municipal corporation" as meaning local

governments which were authorized in the State at that time,. such as incorporated cities, towns and villages, and did not intend to include by said term such quasi municipal or public corporations as counties. It is interesting to note that this statute of limitations of 1893 was passed as Ch. 47 of the 1893 Session Laws of the Territory of New Mexico, approved February 23 of that year, and that the immediately preceding chapter, that is Ch. 46 of said Session Laws of 1893, approved on the same day, related to cities, towns and villages and defined and granted certain powers to such incorporated cities, towns and villages. The title of Ch. 46 is "An act relating to municipal corporations, and for other purposes." Section 6 thereof contains the first specific grant of power to towns and villages by ordinance to grant "franchises and privileges for street car lines, waterworks, lighting purposes and other public conveniences and comforts, for the furnishing of which such franchises and privileges are necessary." This statute was still in effect in 1905 and still is in effect today as a portion of Sec. 14-3501, N.M.S.A.1941. Following this Ch. 46 of the Session Laws of 1893, which is entitled an act relating to municipal corporations in which the legislature delegates specifically to municipal corporations, towns and villages power to grant franchises, we find Ch. 47 containing an amendment to the statutes of limitations of actions which amendment is made only as an addition to a then existing statute, and in this new amended statute of limitations the legislature uses the term "any municipal corporation". The court in its opinion in the Agua Pura case saw no reason to discuss whether the legislature used the term "municipal corporation" in a very broad, loose sense or whether it used it in the more common, restricted, usual sense as an incorporated city, town or village, as the term had been just used, in the title of the preceding chapter.

"While the term 'municipal corporation' is sometimes used, in its broader meaning, to include such public bodies as the state and each of the governmental subdivisions of the state,—such as counties, parishes, townships, hundreds, etc.,—it ordinarily applies only to cities, villages, and towns which are organized as full-fledged public corporations." 37 A.J., p. 625, Sec. 6.

"A county in a sense is a municipal corporation and sometimes is classed as such; but strictly speaking a county is distinguishable from, and is not, a municipal corporation." 20 C.J.S., Counties, § 3(b), page 758.

At the time this statute of limitations and repose was passed relating to charters granted by "municipal corporations" in 1893 there was no statute specifically delegating the power to grant franchises to a county and if such power existed it was only under the general powers contained in the

statutes quoted or necessarily implied therefrom as set forth in the Agua Pura Company opinion rendered by this court in the year 1900. Did this statute of limitations with reference to franchises granted by municipal corporations which immediately followed the chapter specifically giving incorporated towns and villages the power to grant franchises relate to such municipal corporations or was there any reason why the legislature intended to give the word an unrestricted and enlarged meaning and include franchises which might have been granted by county commissioners although the legislature had never expressly delegated specific power to counties so to do? Had the court in deciding the Agua Pura Company case considered the meaning of these words "municipal corporation" in construing the statute of 1893 instead of assuming without question that a county was a municipal corporation within the meaning of the statute without argument or consideration, it might have reached a different conclusion in this regard.

However, this court did, in the Agua Pura .Company case, conclude that the county commissioners had the power to grant a franchise to a public utility and that if there was any question about its power then Ch. 46 of the Session Laws of 1893 resolved and disposed of the matter of authority by preventing any challenge of the franchise or its validity at any time after six years from the date it was claimed to have been granted and also by providing that after such period of six years any such franchise claimed to have been granted should be deemed valid in all respects. Although we may have some doubt as to the correctness of these two conclusions reached by the court in its opinion in the Agua Pura case, we would hesitate after more than 52 years to overrule the decision, the same having been stare decisis in this State for more than half a century. We therefore feel that the said decision rendered by this court in 1900 in the Agua Pura Company case should be followed by us as a rule of decision in the present case. In that case, as in the case at hand, the city or town was questioning, after its incorporation, the right of the public utility to continue to operate and use the public streets and roads for its apparatus and appliances within the city under a former franchise granted by the county commissioners prior to the incorporation of the municipality.

This court in the Agua Pura Company case held that, even though the City of Las Vegas had become incorporated and had general control and authority over its public roads, streets and alleys, nevertheless, the contract or franchise having been granted by the county commissioners at a time prior to the incorporation of the City of Las Vegas, all rights acquired thereunder by the utility company must be respected by the City of Las Vegas and that the con-

tract could not in any way be impaired. The same question is presented here. The Town of Belen contends that the defendant telephone company has no power or authority to operate within the limits of the town and to run its poles, lines and equipment along its streets and alleys under the authority of any franchise from the County Commissioners of the County of Valencia granted in 1905, but that the telephone company is required to secure a new franchise from the town or cease to do business by operating its telephone system within the Town of Belen.

The Town of Belen bases its claim that the defendant telephone company has no right to operate within the limits of the Town of Belen on two grounds: first, as found by the trial court, that under the law of New Mexico in force in 1905 the county commissioners had power to grant franchises to telephone companies or other utilities to operate in their counties only in areas outside of incorporated towns or villages then existing *or later to come into existence* under the statutory laws of the State in force at the time, 1905. At that time communities were allowed under the general laws of the State to incorporate as villages, towns or cities and upon incorporation such municipalities had complete power, control and jurisdiction over the public streets, roads and alleys in such municipalities to the exclusion of any power or jurisdiction by the county com-

missioners. It is the contention of the Town of Belen that inasmuch as the control and power of the county commissioners over public highways, roads or streets ceased to exist in any area which might at any later time be included in the corporate limits of a village, town or city, that such county commissioners could not grant a franchise covering a district which might be included in a local municipality for a period beyond that in which the county commissioners retained control and power over the highways, roads, streets and alleys; certainly not beyond the time when they should have lost all control and powers over any such highways, streets, roads and alleys to a newly incorporated municipality taking over such control, power and jurisdiction of such highways, streets, roads and alleys.

The plaintiff town further claims that the statutes giving cities, towns and villages upon their creation and incorporation full power and jurisdiction over their public highways, streets, roads and alleys must have been read into the franchise relied upon by defendant company as a part of the law of the State, and was taken subject to such laws with knowledge thereof on the part of the public utility company; that even though the franchise by the county commissioners was for a term of 99 years, it was subject to the specific laws of the State giving towns and villages specific power to grant franchises and subject to

the laws giving towns and villages complete control and power over the highways, roads and streets within their incorporated limits and that as to such areas the franchise was valid only for so long a time as the territories of the county remained outside of the limits of an incorporated municipality.

Secondly, the Town of Belen contends that by virtue of Sec. 1, Ch. 81 of the New Mexico Session Laws of 1909, which section is now included as a part of Sec. 14–1848, N.M.S.A.1941, the legislature has, even though such act was passed four years after the county franchise of 1905 was granted, required the town to grant the defendant telephone company a franchise upon such terms as are just, fair and equitable and that the defendant telephone company has no authority to operate without such city franchise. That portion of said Sec. 14–1848, supra, relied upon by the Town of Belen in this contention reads as follows:

"Provided, that whenever or wherever, previous to the incorporation of any city, town or village in this state, the board of county commissioners of the county in which any such city, town or village shall be located shall have granted to any person, firm or corporation right of way over, upon, in and about the streets, alleys and highways of any such city, town or village for the erection, construction, maintenance or operation of water-works, gas works, electric light works or power systems, and such person, firm or corporation shall have erected or constructed or in good faith commenced the erection or construction of such works or system, * * * the city council or board of trustees of any such city, town or village shall recognize the rights so therefore [theretofore] acquired by any such person, firm or corporation and shall grant any such person, firm or corporation a franchise for the maximum term of years authorized by law, upon such terms as are fair, just and equitable to all parties concerned, and pending the granting of any such franchise, no such person, firm or corporation shall be interfered with in the free exercise and enjoyment of its rights acquired under and by virtue of the right of way theretofore granted as aforesaid by the board of county commissioners of any such county."

While this statute last above quoted was passed four years subsequent to the granting of the franchise by the County Commissioners of Valencia County to the telephone company the plaintiff Town of Belen contends that it is to be applied retroactively as against the defendant telephone company so as to require it to accept the franchise offered by the town council in February 1949 and to operate under the newly

offered franchise rather than the franchise granted in 1905 by the county commissioners.

The contentions of the defendant Town of Belen sustained by the findings, conclusions and judgment of the lower court may have considerable logic and reason behind them but our rather thorough search for the law applicable under a similar state of facts compels us to believe that such contentions of Town of Belen are not supported by legal authority. The said statute of 1909, of course, would be applicable and binding upon any utility which secured a franchise from county commissioners subsequent to its passage and therefore, if a city or town were incorporated at any time after the county commissioners had granted a county franchise, the holder of such county franchise would be required to accept a reasonable franchise from such newly incorporated city, town or village in order to continue operations in the territorial limits of such municipality and such newly created municipality would be required under said statute to grant a municipal franchise to such utility in accordance and compliance with the provisions contained in said statute. Village of Ruidoso v. Ruidoso Tel. Co., infra. This 1909 statute, requiring utilities to operate under a new franchise granted by a later incorporated municipality, having been passed several years subsequent to the granting of the 1905 county franchise, could not in our opinion, under the law as we find it, alter or impair the former contract, that is, the franchise, granted by the county commissioners of the county.

Counsel for defendant telephone company cite two authorities in their brief upholding their contention that the company has a right to rely upon and operate under the original county franchise and is not compelled and cannot be forced to accept a new franchise from the Town of Belen imposing additional terms and burdens not contained in the county franchise on the ground that such would impair the obligation of contract and would take its property without due process of law in violation of both the state and federal constitutions. These two cases relied upon and cited by defendant telephone company are City of San Diego v. Southern California Tel. Co., 92 Cal.App.2d 793, 208 P.2d 27, and City of Beverly Hills v. City of Los Angeles, 175 Cal. 311, 165 P. 924, 926.

In the San Diego case the telephone company had a city franchise from the chartered City of San Diego, which had authority to grant franchises for operation of the telephone company within the city, with the right to use the streets and roads within the city for its poles, wires, etc. and the telephone company also held a county franchise for territory outside the City of San Diego but adjacent thereto. The city thereafter extended its city limits, annexing part of the adjacent territory in

which the telephone company had operated under the county franchise. One of the questions considered in the case was whether or not, after the annexation of the additional territory by the city, the company's operations in such annexed territory should be subject to the county franchise under which it had been operating in that particular territory prior to the annexation, or subject to the city franchise under which it had been operating within the city. The court held that the telephone company had a vested right in the franchise under which it was operating in the county which could not be interfered with by the city authorities, even though the territory was subsequently annexed to the City of San Diego.

In the case brought by the City of Beverly Hills, supra, the City of Los Angeles had been granted a right by a general legislative grant to lay and maintain water pipes in any road, street or highway from certain points in the state to the City of Los Angeles. Thereafter the City of Beverly Hills was created and had authority to grant franchises within its corporate limits before the water line mentioned had been laid through the territory comprising the new City of Beverly Hills. It brought an injunction action against the City of Los Angeles to restrain laying of the water line and pipe over, across or under any of the streets of the City of Beverly Hills until such time as a franchise therefor

was granted by the municipal authorities of the said city. The Supreme Court of California in this case held that the original legislative grant and the acceptance thereof by the starting and doing of a large part of the work on other portions of the line, even though it had not yet reached Beverly Hills, constituted an acceptance of the franchise and constituted a contract, the property right in which was protected by the federal constitution. It held that the grantee of the franchise had the right to construct and maintain the water line through and under the streets of Beverly Hills without any authority from the municipality because of its right granted by the original legislative franchise. The court said:

"No doubt exists as to the power of the state to make the grant, which, when accepted as we have seen, constituted an inviolable contract the extent of which is measured by the purpose for which it was intended, and in the exercise of which right defendant was limited alone by the language used in the grant. And since the state itself could not change or revoke it, the city of Beverly Hills, to which, upon its incorporation as a city of the sixth class, the management of the highways therein was given * * * is equally and likewise bound."

The same rule is announced in the following cases in which the material facts

are similar to those in the present case: People ex rel. Rockwell v. Chicago Tel. Co., 245 Ill. 121, 91 N.E. 1065; City of Prichard v. Alabama Power Co., 234 Ala. 339, 175 So. 294; and Michigan Public Service Co. v. City of Cheboygan, 324 Mich. 309, 37 N.W.2d 116.

The ordinance of plaintiff Town of Belen containing the proposed new franchise sought to be forced upon the defendant telephone company and the judgment of the trial court in our opinion would impair the obligation of contract, that is, the rights and privileges acquired under the county franchise of 1905, and would deprive defendant telephone company of its property without due process of law contrary to the provisions of the Constitutions of the United States and of the State of New Mexico. The proposed new franchise would impose an additional tax burden upon the telephone company which was not included within its original franchise from the county and would subject it to additional responsibilities and burdens not found in its original county franchise. We are therefore of the opinion that the original franchise granted by the county commissioners in the year 1905 constitutes a valid existing contract and is not subject to impairment or cancellation by the Town of Belen or the courts of the State, as herein sought.

The defendant telephone company contends that telephone companies are not subject to the provisions of Ch. 81, Session Laws of 1909, Sec. 14–1848, N.M.S.A.1941, or to the provisions of Ch. 141 of the Session Laws of 1909, Sec. 72–101, 102, 103, N.M.S.A.1941, because a telephone and telegraph company is not such a utility as is mentioned or intended to be covered by said statutes. In this contention of defendant we do not agree. We expressly affirm and approve our decision in the case of Village of Ruidoso v. Ruidoso Tel. Co., 52 N.M. 415, 200 P.2d 713, and also express our complete approval of the opinion of Circuit Judge Bratton in the case of City of Roswell, New Mexico v. Mountain States Tel. & Tel. Co., 10 Cir., 78 F.2d 379. We are firmly of the opinion that telephone and telegraph companies are subject to the provisions of Sec. 14–1848 and Sec. 172–101, 102, 103, N.M.S.A.1941. The defendant telephone company in this particular case, the present case, is not subject to such statutes passed in 1909 only for the reason that it was granted its franchise by the county commissioners prior thereto, in the year 1905.

Nothing herein stated is intended to imply that the county franchise interferes with or in any manner divests the Town of Belen of its police power over the defendant telephone company in relation to its use of the streets, alleys and public ways within the town. It was not within the power of the county in granting the franchise, nor is it within the power of the

town itself in granting any franchise, to divest the Town of Belen of its governmental police power, the exercise of which is necessary for the public welfare and the preservation of the public safety. The ordinance in question was not one which could be classed as a police power regulation but, rather, was primarily a revenue measure.

The judgment of the trial court is hereby reversed and the cause is remanded, with instructions to the District Court to vacate and set aside its judgment and to dismiss plaintiff's cause with prejudice.

It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

LUJAN, C. J., being occupied with the duties of the State Canvassing Board, did not participate.