472 P.2d 368

**SOUTHERN UNION GAS COMPANY,**
a corporation, Plaintiff-Appellant,

v.

**CITY OF ARTESIA, a municipal corpora-
tion, and Urban Renewal Agency of
Artesia, New Mexico, a public body cor-
porate and politic, Defendants-Appellees.**

No. 8906

Supreme Court of New Mexico.

June 8, 1970.

Rehearing Denied July 30, 1970.

McCormick, Paine, Feezer & Forbes, Carlsbad, A. S. Grenier, Boyd L. Henderson, Dallas, Tex., for appellant.

Watson & Watson, Artesia, for City of Artesia.

William M. Siegenthaler, Artesia, for Urban Renewal Agency.

## OPINION

SISK, Justice.

Plaintiff appeals from the determination of the trial court in a declaratory judgment action that it is not entitled to be compensated by defendants for its costs incurred in removing and partially relocating certain of its utility lines from streets and alleys within the area covered by an urban renewal project in Artesia, New Mexico. We affirm.

Plaintiff is a private utility which operates its gas distribution system within the City of Artesia pursuant to a franchise agreement from defendant city. Defendant city owns and operates a water distribution system and a sanitary sewer system within the City of Artesia. Defendant Urban Renewal Agency of Artesia is a public body corporate and politic, created pursuant to the provisions of our State Urban Renewal Law. Seventy-five percent of the cost of the subject urban renewal project is funded by the United States Department of Housing and Urban Development (HUD), and 25% by defendant city. HUD regulations have established a policy that expenditures may be made to compensate public utilities

for removal and relocation expenses but that such compensation to private utilities is prohibited unless required by state statute, judicial decisions, pre-existing local ordinances, or the applicable franchise agreement. Defendant city was compensated by defendant agency for the costs of removing its utility lines within the urban renewal area, but plaintiff was not similarly compensated.

Plaintiff first contends that it is entitled to compensation because the requirements made by defendants that it remove almost all of its gas lines from the urban renewal area constitute a complete ouster and therefore a taking of its property without due process of law.

█ At common law, the right of a utility to use the streets is subject to the right of the municipality to require the utility to relocate its lines and facilities when necessary, because of changes in street locations or improvements, or as otherwise required in the interest of the public health and welfare. In the absence of a valid ordinance or statute to the contrary, such removal of facilities must be accomplished at the expense of the utility. State ex rel. City of Albuquerque v. Lavender, 69 N.M. 220, 365 P.2d 652 (1961); State ex rel. State Highway Comm'n v. Town of Grants, 66 N.M. 355, 348 P.2d 274 (1960); Mountain States Tel. & Tel. Co. v. Town of Belen, 56 N.M. 415, 244 P.2d 1112 (1952); Bristol Tennessee Housing Authority v. Bristol Gas Corp., 219 Tenn. 194, 407 S.W.2d 681 (1966); New Orleans Gaslight Co. v. Drainage Comm., 197 U.S. 453, 25 S.Ct. 471, 49 L.Ed. 831 (1905); 64 C.J.S. Municipal Corporations § 1738 (Supp.1969).

█ In the present case there is no provision in the applicable franchise ordinance pertaining to relocation costs, and, at the times material to this case, no statute permitted or required that plaintiff be reimbursed for such relocation costs. The requirement that plaintiff remove its facilities from the urban renewal area is clearly within the police powers of defendants, and defendants acted properly under this power.

State ex rel. City of Albuquerque v. Lavender, supra; Bristol Tennessee Housing Authority v. Bristol Gas Corp., supra; New Orleans Gaslight Co. v. Drainage Comm'n, supra.

The Lavender case, supra, in upholding as constitutional an act which specifically authorized reimbursement of utility relocation costs, without distinction between public and private utilities, noted the principal of law that a complete ouster of a utility from a public highway could constitute an unlawful taking of property rights, and cited Mountain States Tel & Tel. Co. v. Town of Belen, supra; City of Roswell, N. M. v. Mountain States Tel. & Tel. Co., 78 F.2d 379 (10th Cir. 1935); and Russell v. Sebastian, 233 U.S. 195, 34 S.Ct. 517, 58 L.Ed. 912 (1914), each of which is clearly distinguishable from the present case. In Mountain States v. Town of Belen, supra, the town attempted by ordinance to force the substitution of a new franchise for a valid franchise previously granted by the county. This court held that the ordinance was not a police power regulation but was primarily a revenue measure, and that cancellation of the valid and existing franchise was unconstitutional, both as an impairment of contract and as a taking of property without due process. Similarly, in Russell v. Sebastian, supra, the United States Supreme Court held that a municipality could not constitutionally require a gas company to purchase a new franchise, where a valid and still existing street franchise had been granted by the California State Constitution, despite a subsequent constitutional amendment and resulting ordinances. In City of Roswell v. Mountain States Tel. & Tel. Co., supra, the court held that a 1909 statute did not grant a perpetual right to use of the city streets and that the city after reasonable notice could eject a private utility whose franchise had been expired for more than 12 years.

■ In the present case, there is no impairment, abrogation or cancellation of plaintiff's franchise, nor is there a complete ouster of plaintiff from the area covered by its franchise. Plaintiff argues forcefully that because the total urban renewal area covered 328.03 acres, which constitutes a substantial portion of the city, we should find such complete ouster. We cannot agree. It would be unsound to make a legal distinction between a duty to remove utility lines from a large area comprising one improvement project to be accomplished over an extended period of time, and numerous scattered changes, improvements, or projects which cover small areas and are to be accomplished within the same franchise area from time to time.

■ We hold that under the facts of this case, the removal and partial relocation of plaintiff's utility lines at its own expense is a condition of its franchise, is required by the valid exercise of the defendants' police power, and does not constitute an ouster which entitles plaintiff to compensation.

Plaintiff next contends that it is entitled to reimbursement even if there has been no ouster, because the common law rule requiring a utility to remove its lines at its own expense has been abrogated by statute. Again, we must disagree. The statutes relied upon by plaintiff, §§ 14–47–1 to 14–47–19, N.M.S.A.1953 (Repl.Vol.), constituted the Urban Renewal Law of New Mexico as it existed prior to amendment in 1969, and have not previously been interpreted by this court.

We believe it unnecessary to quote the statutes in this opinion. They do, of course, specifically recognize that utilities may be included in an urban renewal plan, as well as numerous other specified types of improvements and facilities. But the statutes are merely enabling legislation which authorize municipalities to effectuate approved urban renewal plans, and at the times material to this case those statutes did not include any provision which either required or authorized plaintiff to be reimbursed by either of the defendants for its removal and relocation expenses.

Plaintiff again relies on State ex rel. City of Albuquerque v. Lavender, supra, but there a specific statute clearly provided for

reimbursement for relocation of utility facilities and made no distinction between public and private utilities. It should be pointed out that in Lavender, supra, the court noted:

"However, we do not intend thereby to impliedly signify our approval of the 1957 statute, and it should suffice to say that it is within the province of the legislature to repeal the present law at any time, in which event the costs for relocation would again be the responsibility of the utility, in accordance with the common law as it heretofore existed."

 The common law is only abrogated or repealed by statute when directly and irreconcilably opposed to the common law. State v. Armijo, 18 N.M. 646, 140 P. 1123 (1914); Ex parte DeVore, 18 N.M. 246, 136 P. 47 (1913); § 21-3-3, N.M.S.A. 1953. The New Mexico Urban Renewal Law, supra, did not abrogate the common law rule by which plaintiff was required to remove its utility lines at its own expense.

Plaintiff's final contention is that the payment by defendant Urban Renewal Agency to defendant city of its utility removal and relocation costs, and the failure to pay plaintiff its similar costs, constitute discrimination. We agree, but the decision of the trial court cannot be reversed on that ground. The relief sought by plaintiff in this declaratory judgment action was a determination that it was entitled to compensation for its removal and relocation expenses. At the times material to this action, neither plaintiff nor defendant city were entitled to reimbursement for such expenses.

The HUD regulations provide that compensation may be made to public utilities, but do not require such compensation. The common law rule discussed above, that, in the absence of a valid statute to the contrary, expenses of removal of facilities must be accomplished at the expense of the utility, is applicable to all utilities, public as well as private. State ex rel. State Highway Comm'n v. Town of Grants, supra. The operation of its water and sewer system is a proprietary function of the defendant city, and not a governmental function, which operation cannot be validly distinguished from the proprietary operation by plaintiff of its gas system. State ex rel. City of Albuquerque v. Lavender, supra; State ex rel. State Highway Comm'n v. Town of Grants, supra. Both must stand on the same footing, and if one is not entitled to reimbursement, neither is the other. State v. Lavender, supra.

We have held that under the applicable law neither the public nor the private utility was entitled to reimbursement. It does not follow, therefore, as alleged by plaintiff, that because the defendant agency reimbursed the public utility for its expenses it should have been required by the trial court to reimburse the private utility. To have done so in the absence of any applicable statutory authority would have been in direct violation of the common law. The discrimination of which plaintiff complains cannot be remedied by the payment to it of funds to which it was not entitled. The trial court correctly dismissed plaintiff's complaint and its judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and WATSON, J., concur.